# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| ) | |
| MAIETTA CONSTRUCTION, INC., ) | **COMPLAINT** |
| MAIETTA ENTERPRISES, INC., and ) | |
| M7 Land Co., LLC ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The United States of America, through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action commenced under sections 309(b) and 309(d) of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1319(b) and 1319(d), to obtain injunctive relief and civil penalties against Maietta Construction, Inc., Maietta Enterprises, Inc., and M7 Land Co., LLC ("Defendants") for the discharge of pollutants into waters of the United States without authorization by the United States Department of the Army Corps of Engineers ("COE") on property located at 150 Pleasant Hill Road in Scarborough, Maine (hereafter the "Site"), in violation of Sections 301(a) and 404 of the CWA, 33 U.S.C. §§ 1311(a) and 1344.

2. In this action, the United States seeks: (1) to enjoin the discharge of pollutants into waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendants, pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), at

their own expense and at the direction of the EPA, to restore and/or mitigate the damages caused by their unlawful activities; and (3) to require Defendants to pay civil penalties as provided in CWA section 309(d), 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to CWA sections 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the District of Maine pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), 28 U.S.C. §§ 1391(b) and 1391(c), and 28 U.S.C. § 1395, because the Defendants conduct business in this District, the subject property is located in this District, the violations alleged herein occurred in this District, and the penalty sought by the United States accrued in this District.

## NOTICE

5. Notice of the commencement of this action has been given to the State of Maine pursuant to CWA section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

6. The Plaintiff in this action is the United States of America. Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and is exercised in accordance with CWA sections 309(b), 309(d) and 506, 33 U.S.C. §§ 1319(b), 1319(d), and 1366.

7. Defendant Maietta Construction, Inc. is a privately held corporation incorporated in the State of Maine in 1968. Maietta Construction, Inc., administratively dissolved in 2019, conducts or conducted business in the District of Maine and has a business address of 154 Pleasant Hill Road, Scarborough, Maine 04074. From sometime in the 1960s to the present,

Maietta Construction, Inc. has used the Site as a stockpile, staging, and recycling area for its daily operations. Unpermitted discharges of dredged and/or fill material into waters of the United States on the Site resulted from the business operations of Maietta Construction, Inc. The United States brings this action against Maietta Construction, Inc. on the basis of its responsibility for and/or control over the performance of work resulting in the unpermitted discharge of dredged and/or fill material into waters of the United States on the Site.

8. Defendant Maietta Enterprises, Inc. is a privately held corporation incorporated in the State of Maine in 1987. Maietta Enterprises, Inc., administratively dissolved in 2019, conducts or conducted business in the District of Maine and has a business address of 129 Walnut Street, South Portland, Maine. Maietta Enterprises, Inc. is the former owner of the Site. Maietta Enterprises, Inc. acquired the Site in 2011 from M7 Properties, LLC, a limited liability company duly organized under the laws of the State of Maine, on January 16, 2007. M7 Properties, LLC originally purchased the Site in 2007 from Roy H. Stewart, a third-party. In 2011, M7 Properties, LLC merged with Maietta Enterprises, Inc., at which time ownership of the Site transferred to Maietta Enterprises, Inc. Unpermitted discharges of dredged and/or fill material into waters of the United States occurred at the Site while under the ownership and control of M7 Properties, LLC and Maietta Enterprises, Inc. The United States brings this action against Maietta Enterprises, Inc. on the basis of its responsibility for and/or control over the Site, and the performance of work resulting in the unpermitted discharge of dredged and/or fill material into waters of the United States on the Site between 2011 and the present, and as the successor in interest to previous owner, M7 Properties, LLC.

9. In 2018, ownership of the Site was transferred to M7 Land Co., LLC, the current owner of the Site. The United States brings this action against M7 Land Co., LLC on the basis

of its responsibility for and/or control over the Site, and performance of the work resulting in the unpermitted discharge of dredged and/or fill material into waters of the United States on the Site between 2011 and the present, and as the successor in interest to the previous owner, Maietta Enterprises, Inc.

10. At all times relevant to the Complaint, one or more of the Defendants owned, leased, or otherwise controlled the real property that is the subject of this Complaint, and/or otherwise had responsibility for and/or control over the discharges of pollutants into waters and wetlands on the Site.

## STATUTORY AND REGULATORY AUTHORITY

11. Section 301(a) of the CWA, 33 U.S.C. §§ 1311(a), prohibits the discharge of pollutants, including dredged and fill material, into navigable waters except in compliance with, *inter alia*, a permit issued by the Army Corps of Engineers pursuant to CWA section 404, 33 U.S.C. § 1344.

12. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Corps of Engineers, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

13. "Discharge of a pollutant" means, among other things, "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

14. "Pollutant" means, among other things, dredged spoil, rock, and sand. 33 U.S.C. § 1362(6).

15. "Navigable waters" means "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7).

16.  "Point source" means, among other things, "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

17.  For purposes of the CWA, "person" means "an individual, corporation, partnership [or] association." 33 U.S.C. § 1362(5).

18.  CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

19.  CWA section 309(d), 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

20.  Section 309(d) of the CWA, 33 U.S.C. § 1319(d), establishes civil penalties for violations of the CWA payable to the United States of up to $25,000 per day for each violation. Section 309(d) of the CWA further specifies that in determining the amount of a civil penalty, a court "shall consider the seriousness of the violation or violations, the economic benefit (if any) resulting from the violation, any history of such violations, any good-faith efforts to comply with the applicable requirements, the economic impact of the penalty on the violator, and such other matters as justice may require." 33 U.S.C. § 1319(d).

21.  Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 (Pub. L. 101-410), as amended by the Debt Collection Improvement Act of 1996 (Pub. L. 104-134, Sec. 31001(s)), and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015 (28 U.S.C. § 2461 note), as reflected in the Civil Monetary Penalty Inflation Adjustment Rule, 40 C.F.R. Part 19, EPA may seek civil penalties of up to $37,500 per day for each violation

occurring after January 12, 2009, through November 2, 2015, and up to $52,414 per day per violation of the CWA for violations occurring after November 2, 2015. 40 C.F.R. § 19.4.

22. Each day that dredged or fill material remains in the place where it is discharged without authorization constitutes a separate violation of CWA section 301(a), 33 U.S.C. § 1311(a).

## GENERAL ALLEGATIONS

A. **Waters on the Site Are Waters of the United States**

23. The Site is located at 150 Pleasant Hill Road in the Town of Scarborough, York County, in Maine. For convenience, a map generally depicting the Site is attached to this Complaint as Exhibit A.

24. Prior to the unauthorized discharges described in Paragraphs 31-37, the Site contained approximately 18 acres of forested freshwater wetlands.

25. Prior to the unauthorized discharges referenced in Paragraphs 31-37, wetlands on the Site were adjacent to and had a continuous surface connection with an unnamed tributary to the Spurwink River.

26. The unnamed tributary is a relatively permanent body of water with physical indicators of a bed and bank and an ordinary high-water mark that flows into to the Spurwink River.

27. The Spurwink River is a traditionally navigable water that flows through the Rachel Carson National Wildlife Refuge, and empties into an embayment of the Atlantic Ocean.

28. Prior to the unauthorized discharges referenced in Paragraph 31, the impacted wetlands on the Site exhibited flow characteristics and ecological functions that, when considered alone or in combination with similarly situated lands in the region, significantly affect

the chemical, physical, and biological integrity of the Spurwink River, Saco Bay, and the Atlantic Ocean. Specifically, the impacted wetlands and tributaries, alone and in combination with similarly situated lands in the region, provided important ecological functions, including, but not limited to, nutrient export to marine food webs; purification of surface water run-off prior to discharge into the unnamed tributary, the Spurwink River, Saco Bay, and the Atlantic Ocean; and valuable plant and wildlife habitat.

29. The present and former wetlands on the Site, the unnamed tributary, and the Spurwink River are and were at the time the alleged discharges occurred "waters of the United States" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7), and regulations promulgated thereunder.

**B.     Unauthorized Discharges of Dredged and/or Fill Material**

30. At all times relevant to this Complaint, Defendants conducted, contracted for, supervised and/or otherwise controlled the unauthorized discharges referenced in Paragraph 31.

31. Defendants are jointly and severally responsible for some or all of the unauthorized discharges referenced in Paragraphs 31-37.

32. At various times between 1998 and the present, one or more of the Defendants and/or persons acting on their behalf discharged dredged and/or fill material into approximately ten acres of wetlands on the Site that are waters of the United States.

33. Each of the Defendants is "person" within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

34. The dredged or fill material that the Defendants and/or persons acting on their behalf caused to be discharged into waters of the United States on the Site included, among other

things, dirt, spoil, rock, and/or sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

35. The Defendants and/or persons acting on their behalf used excavators, bulldozers, trucks, and/or other earth-moving equipment to discharge fill and/or dredged material into waters of the United States on the Site. This equipment constitutes "point source[s]" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

36. The Defendants did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers of the COE, for the discharges of dredged and/or fill material into waters of the United States on the Site, as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344, nor were the discharges authorized under any other provision of the CWA.

37. The Defendants have allowed pollutants to remain in waters of the United States at the Site.

## COUNT ONE

## DISCHARGE OF POLLUTANTS WITHOUT A PERMIT

38. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 37.

39. At various times between 1998 and the present, one or more of the Defendants and/or persons acting on their behalf discharged dredged and/or fill material from a point source into approximately ten acres of wetlands on the Site that are waters of the United States without a permit or authorization under Section 404 of the CWA, 33 U.S.C. § 1344.

40. The Defendants have violated and continue to violate CWA section 301(a), 33 U.S.C. § 1311(a), by their unauthorized discharges of dredged or fill material into waters of the United States, including wetlands, at the Site.

41. As a result of their violations of the CWA as described herein, and in accordance with CWA Section 309(b), 33 U.S.C. § 1319(b), Defendants are subject to appropriate relief, including both civil penalties and a temporary or permanent injunction.

42. Defendants are subject to a civil penalty of up to $37,500 per day for violations taking place after January 12, 2009, and before November 2, 2015. *See* CWA Section 309(d), 33 U.S.C. § 1319(d), as amended by Pub. L. No. 104-134, Section 31001, 110 Stat. 1321-373 (1996); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); and 73 Fed. Reg. 75,340 (Dec. 11, 2008). Defendants are subject to a civil penalty of up to $55,800 per day for any violations taking place after November 2, 2015. *See* CWA Section 309(d), 33 U.S.C. § 1319(d), as further amended by Pub. L. 114-74 (2015); 84 Fed. Reg. 2,056 (Feb. 6, 2019).

43. Unless enjoined, the Defendants are likely to continue to discharge dredged and/or fill material into and/or to allow dredged or fill material to remain in wetlands and other waters of the United States on the Site in violation of CWA section 301, 33 U.S.C. § 1311.

44. The CWA violations alleged herein are ongoing as of the date of the filing of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

1. That Defendants be permanently enjoined from discharging or causing the discharge of dredged and/or fill material or other pollutants into any waters of the United States except in compliance with the CWA;

2. That Defendants be enjoined to undertake measures, at Defendants' own expense and at the direction of the EPA, to effect complete restoration of the Site, and/or to conduct compensatory mitigation for environmental damage, as appropriate;

3. That Defendants be assessed pursuant to CWA sections 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA section 301(a), 33 U.S.C. § 1311(a);

4. That the United States be awarded costs and disbursements in this action; and

5. That this Court grant Plaintiff, the United States of America, such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
PERRY M. ROSEN
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 353-7792
perry.rosen@usdoj.gov


DONALD E. CLARK
ACTING UNITED STATES ATTORNEY

JOHN OSBORN
Assistant United States Attorney
District of Maine
100 Middle Street
East Tower, 6th Floor
Portland, ME 04101
(207) 780-3257

Of Counsel
ANDREA SIMPSON

Senior Enforcement Counsel
United States Environmental Protection Agency
Office of Regional Counsel, Region I
Five Post Office Square, Suite 100, Mail Code ORC 4-2
Boston, MA 02109-3912
(617) 918-1738

11