# GUARANTY MORTGAGE DEED
# (STATUTORY SHORT FORM)

THIS GUARANTY MORTGAGE DEED ("Mortgage") is made and given by VINCENT A. MAIETTA, Trustee of The Pleasant Hill Trust I a/k/a The Pleasant Hill Trust u/d/t dated November 7, 1994, as amended, whose mailing address is 154 Pleasant Hill Road, Scarborough, ME 04074 (the "Grantor"), and TIMOTHY NORTON, Trustee of the 150 Pleasant Hill Rd Trust u/t/a dated as of _____April 28_____, 2021, having a mailing address of Timothy Norton, Esq., Kelly, Remmel & Zimmerman, 53 Exchange Street, Suite 300, Portland, ME 04112 (the "Grantee").

WHEREAS, reference is made to that certain Consent Decree in the matter of *U.S. v. Maietta Construction, Inc., et al.*, executed by the United States of America, on behalf of the U.S. Environmental Protection Agency ("EPA"), as Plaintiff, and Maietta Construction, Inc. and Maietta Enterprises, Inc. (together, the "Defendant Entities"), as Defendants, to be recorded in the Cumberland County Registry of Deeds within 15 days after entry by the United States District Court for the District of Maine (the "Consent Decree"); and

WHEREAS, the Grantor is an affiliated entity of Defendants; and

WHEREAS, in order to induce the EPA to enter into the Consent Decree, and to secure the Defendants' obligations under the Consent Decree up to a maximum amount of $950,000.00 (plus interest and costs, together with any advances required to protect the Premises), the Grantor has agreed to grant a mortgage to Grantee on the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the Consent Decree, the promises and covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Grantor hereby grants to the Grantee, WITH MORTGAGE COVENANTS, to secure the Defendants' performance of its obligations under the Consent Decree, a certain lot or parcel of land, together with the buildings and improvements thereon, situated on the southerly side of Maietta Drive, so-called, in the Town of Scarborough, County of Cumberland, State of Maine and more particularly described on Schedule A attached hereto and incorporated herein by reference (the "Premises").

This Mortgage is made upon the STATUTORY CONDITION, for any breach of which the Grantee shall have all the remedies provided by law, including, without limitation, the STATUTORY POWER OF SALE pursuant to 33 M.R.S.A. §501-A, which is hereby granted to the Grantee and is incorporated herein and made a part hereof by reference. As of the date of the giving of this Mortgage Deed, no portion of the Premises is used for residential purposes and no portion of the Premises is the principal residence of the owner of at least 1/2 of the beneficial interest in The Pleasant Hill Trust I a/k/a The Pleasant Hill Trust u/d/t dated November 7, 1994, as amended.

TO HAVE AND TO HOLD the aforegranted and bargained Premises, with all the privileges and appurtenances thereof, to the Grantee, its successors, heirs and assigns, to its use and behoof forever; PROVIDED, NEVERTHELESS, if the Grantor and the Grantee receive notice from the United States of the Grantor's completion of all of the requirements described in

paragraphs 16, 17 and 21 of the Consent Decree and in the Scope of Work attached to the Consent Decree as Attachment 2 (the "Work") and payment of all amounts due and owing under paragraphs 16 and 17 of the Consent Decree, then this Mortgage shall be void, and otherwise shall remain in full force and effect.

Upon the occurrence of any event of default under the Consent Decree, or upon any breach of any covenant or agreement contained herein, the Grantee, its successors and assigns, shall have all remedies provided by law as of the date of such default. Election by the Grantee, its successors or assigns, not to foreclose or exercise any rights under the Consent Decree, as to any one event of default, shall not constitute a waiver of any rights of the Grantee, its successors or assigns, as to any subsequent event of default as to which this condition shall remain in full force and effect.

Reference is made to that certain a Mortgage Deed, Security Agreement & Financing Statement and Collateral Assignment of Leases and Rentals respecting the Premises and certain other real property owned by the Grantor made given by the Grantor to Saco & Biddeford Savings Institution ("SBSI") dated May 3, 2019, and recorded in the Cumberland County Registry of Deeds in Book 35628, Page 188, and in Book 35628, Page 210 (the "SBSI Mortgage and SBSI Collateral Assignment"). Reference is further made to that certain Subordination Agreement by and between the Grantor and SBSI and recorded on near or even date herewith pursuant to which SBSI subordinated all indebtedness now or hereafter secured by the SBSI Mortgage and SBSI Collateral Assignment to this Mortgage up to a maximum amount of $950,000.00, plus interest and costs, together with any advances required to protect the Premises. The declaration by SBSI of an event of default under the SBSI Mortgage and SBSI Collateral Assignment shall not automatically constitute an event of default under the Consent Decree or this Mortgage. Upon the occurrence of any event of default under the SBSI Mortgage and SBSI Collateral Assignment, the Grantee shall have the right to do any of the following in its sole discretion: (i) declare an event of default under the Consent Decree and/or this Mortgage, in which event the Grantee shall have all rights and remedies available to it for default of the Consent Decree and/or this Mortgage, including, without limitation, the right to foreclose this Mortgage under any legal method of foreclosure in existence at the time or now existing, or under any other applicable law, including, without limitation, the STATUTORY POWER OF SALE pursuant to 33 M.R.S.A. §501-A; or (ii) take no action. Election by the Grantee not to declare a default under the Consent Decree, or this Mortgage, as to any one event of default, shall not constitute a waiver of any rights of the Grantee as to any subsequent event of default.

The covenants contained herein shall bind the successors, heirs, assigns and personal representatives of the Grantor and shall inure to the Grantee, its successors and assigns.

WITNESS my hand and seal as of this 28th day of April , 2021.

WITNESS:

_____          _____
                                          VINCENT A. MAIETTA, Trustee of The
                                          Pleasant Hill Trust I a/k/a The Pleasant Hill
                                          Trust u/d/t dated November 7, 1994, as
                                          amended

State of Maine
County of Cumberland , SS                         April 28 , 2021

PERSONALLY APPEARED the above-named VINCENT A. MAIETTA, Trustee of The Pleasant Hill Trust I a/k/a The Pleasant Hill Trust u/d/t dated November 7, 1994, as amended, and acknowledged the foregoing instrument to be his free act and deed in said capacity.

                                          Before me,

                                          _____
                                          Name:
                                          Notary Public
                                          Notary Commission Expires:

                                          Ruth Ellen Earley
                                          Notary Public, State of Maine
                                          Commission Expires September 9, 2026

SCHEDULE A

Beginning on the southerly sideline of Maietta Drive at a point seventy and ninety-one hundredths (70.91) feet easterly of an iron pipe at an angle therein; thence South 87° 54' 52" East by Maietta Drive four hundred two and fifty-nine hundredths (402.59) feet to the westerly sideline of land now or formerly of Roy H. Stewart; thence South 20° 59' 02" West by said Stewart land six hundred twenty-eight and three tenths (628.3) feet, more or less, to the northerly sideline of land formerly of A. Jasper Willey; thence South 86° 57' 51" West by said Willey land one thousand eighty-six and forty-one hundredths (1,086.41) feet to the easterly sideline of Pleasant Hill Road; thence northerly by Pleasant Hill Road by a curve to the right with a radius of seven hundred thirteen and ninety-four hundredths (713.94) feet a distance of ninety-one and twenty-two hundredths (91.22) feet to the southerly corner of land conveyed by Roy H. Stewart to J & M Towing, Ltd. by deed dated April 14, 1987 and recorded in said Registry of Deeds in Book 7715, Page 161; thence North 44° 30' 53" East by said land of J & M Towing, Ltd. four hundred and nine hundredths (400.09) feet to the corner of land conveyed by Louis B. Maietta, et al., to David W. Hill, et al., by deed dated November 17, 1986 and recorded in said Registry of Deeds in Book 7485, Page 73; thence South 59° 51' 12" East by said Hill land two hundred (200) feet to the southerly corner thereof; thence North 89° 46' 45" East by land of Louis B. Maietta, et al., one hundred fifty-six and ninety-three hundredths (156.93) feet to an angle; thence North 52° 49' 48" East by said Maietta land one hundred ninety-two and forty-nine hundredths (192.49) feet to an angle; thence North 30° 23' 01" East by said Maietta land three hundred nine and twenty-six hundredths (309.26) feet to the point of beginning.

The above-described courses are magnetic as of the year 1972.

Being a portion of the premises conveyed by Louis B. Maietta and Roberta L. Maietta to Louis B. Maietta and Robert L. Maietta by deed dated September 3, 1986 and recorded in said Registry of Deeds in Book 7356, Page 264, and a portion of the Premises conveyed by Roy H. Stewart to Louis B. Maietta and Roberta L. Maietta by deed dated November 17, 1986 and recorded in said Registry of Deeds in Book 7484, Page 110. Being the same as the land identified as "Parcel A" and "Parcel B" on plan entitled "Existing Conditions Survey of Northeast Technical Institute, Pleasant Hill Road, Scarborough, Maine" prepared by Sebago Technics and dated September 18, 2007 (the "Plan"), which is hereby incorporated and attached as Exhibit 1.

Recognizing that inconsistencies may exist between legal descriptions recorded, the parties mean and intend to describe all of the land identified as "Parcel A" and "Parcel B" on the Plan, specifically including the "overlap area" identified in the Plan, note 11, between the western boundary of Parcel A and the eastern boundary of the abutting parcel as described in Deed Book 12859, Page 289.

For the Grantor's source of title, see deed from Louis B. Maietta, Sr. et al., to Robert L. Tinsman, sole Trustee of the Pleasant Hill Trust I dated December 23, 1994 and recorded in said Registry of Deeds in Book 11772, Page 219 (the "Source Deed"). This conveyance is made SUBJECT TO and TOGETHER WITH all rights, easements, and use restrictions of record and affecting the property as of the date hereof, including, without limitation, all rights, easements, and use restrictions described in the Source Deed.